# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED PHARMACY CONCEPTS, LLC, a/k/a MANIFEST PHARMACY, a Georgia limited liability company,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

Plaintiff, SANDUSKY WELLNESS CENTER, LLC ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, ADVANCED PHARMACY CONCEPTS, LLC a/k/a MANIFEST PHARMACY ("Defendant"):

## PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of sending "unsolicited advertisements" by facsimile.

2. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 USC § 227 (here after "TCPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. On or about September 28, 2021 Defendant sent Plaintiff an unsolicited fax advertisement ("the Fax"), attached hereto as Exhibit A. Upon information and belief, Defendant has sent the Fax and other facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the TCPA. The Fax describes the commercial availability or quality of Defendant's property, goods or services, namely, Defendant's comprehensive-formulary of the most commonly prescribed medications priced lower than most anywhere else and free delivery. (Exhibit A). "ManifestRx is end-to-end prescription cost savings program for patients, employer groups, brokers, and other enterprise groups. ManifestRx prides itself on price transparency, so our customers can make an informed decision. Customers utilizing our MainifestRX discount card have access to over 62,000 retail pharmacies at discounts up to 80%. Those seeking additional savings and convenience can select Manifest Pharmacy to receive their prescriptions via home delivery while accessing the lowest prices on over 800 quality generic medications. Shipping is always free! Whether you are a patient, employer, broker, or any other group, you can trust ManifestRx to find you savings and customized solutions for your prescription needs."[1] Plaintiff alleges on information and belief that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the TCPA, including but not limited to those advertisements sent to Plaintiff.

4. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax intrudes into the recipient's seclusion and violates the recipient's right to privacy. Unsolicited faxes occupy fax lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue

---

[1] Information obtained from Defendant's website, www.manifestrx.com/about/ last visited 7/12/2022.

wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

5. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA. Plaintiff seeks to certify a class comprising all that were sent these Faxes and other unsolicited fax advertisements that were sent without prior express invitation or permission and/or without compliant opt-out language (to the extent the affirmative defense of established business relationship (EBR) is alleged). Plaintiff seeks statutory damages for each violation of the TCPA and injunctive relief.

6. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the TCPA. This action seeks relief expressly authorized by the TCPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, and affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the TCPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8. This Court has personal jurisdiction over Defendant because Defendant transacts business within this judicial district, has made contacts within this judicial district, and/or has committed tortious acts within this judicial district.

## **PARTIES**

9. Plaintiff, SANDUSKY WELLNESS CENTER, LLC, is an Ohio limited liability company.

10. On information and belief, Defendant, ADVANCED PHARMACY CONCEPTS, LLC, is a Georgia limited liability company which registered on 3/31/21 with the South Carolina Secretary of State with a principal place of business in Greer, South Carolina. MANIFEST PHARMACY, LLC filed its Certification of Cancellation of Authority to Transact Business with the South Carolina Secretary of State on 7/06/21. On information and belief, Defendant still operates under the name Manifest Pharmacy and maintains a website www.manifestrx.com.

## **FACTS**

11. Defendant used a telephone facsimile machine, computer, or other devise to send at least one unsolicited facsimile to Plaintiff, on or about September 28, 2021 ("the Fax"). *See* Exhibit A.

12. The September 28, 2021 Fax states in part:

"…Do your patients ever struggle with the cost of their medications? Do your patients want to avoid the hassle of vising a retail pharmacy? If s, I'd love for your to take a moment and review the pricing list that follows this cover sheet.

Manifest Pharmacy has developed a comprehensive-formulary of the most commonly prescribed medications and priced them lower than most anywhere else. And will deliver for Free! We are currently serving the patients in your state for conditions like erectile dysfunction, hypercholesterolemia, cardiac disease, metal health, diabetes and most everything else…"

The second page of the fax provides per pill pricing on various products and lists conditions covered and benefits received by using their pharmacy.

*Exhibit A.*

13. The Fax is an advertisement under the TCPA and regulations implementing the TCPA.

4

14. On information and belief, Defendant receives some or all of the revenues from the sale of the property, goods or services advertised on Exhibit A, and Defendant profits and benefits from the sale of the property, goods or services advertised on Exhibit A.

15. Plaintiff did not give "prior express invitation or permission" to Defendant to send the fax.

16. On information and belief, Defendant faxed the same and other unsolicited facsimile advertisements without compliant opt-out language to Plaintiff and at least 40 other recipients.

17. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized fax advertisements. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

18. Defendant's facsimile attached as Exhibit A does not display a proper opt-out notice as required by 47 C.F.R. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

19. In accordance with Fed. R. Civ. P. 23(b)(3), Plaintiff brings this class action pursuant to the TCPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business relationship, and/or (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Excluded from the Class are Defendant, its employees and agents, and members of the Judiciary. Plaintiff seeks to certify a class which includes but is not limited to the fax advertisements sent to

5

Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

20. <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

21. <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a) Whether the Fax and other faxes sent during the class period constitute advertisements under the TCPA and its implementing regulations;

(b) Whether Defendant meets the definition of "sender" for direct TCPA liability, meaning a "person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement," 47 C.F.R. § 64.1200(f)(10);

(c) Whether Defendant had prior express invitation or permission to send Plaintiff and the class fax advertisements;

(d) Whether the Fax contains an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(e) Whether Defendant should be enjoined from faxing advertisements in the future;

6

  (f)  Whether Plaintiff and the other members of the class are entitled to statutory damages; and

  (g)  Whether the Court should award treble damages.

22. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or similar faxes as the faxes sent by or on behalf of Defendant advertising the availability or quality of Defendant's property, goods or services during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Defendant has acted in the same or in a similar manner with respect to Plaintiff and all the class members by sending Plaintiff and each member of the class the same faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

23. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

24. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

  (a)  Proof of Plaintiff's claims will also prove the claims of the class without the need for separate or individualized proceedings;

  (b)  Evidence regarding defenses or any exceptions to liability that Defendant may assert and attempt to prove will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c) Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e) This case is inherently manageable as a class action in that:

(i) Defendant identified persons to receive the fax transmissions and it is believed that Defendant's and/or Defendant's agents' computers and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**Claim for Relief for Violation of the TCPA, 47 U.S.C. § 227 *et seq.***

25. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

26. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

27. **Opt-Out Notice Requirements.** The TCPA as amended by the JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

(1) A statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

(2) A statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

(3) A statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

9

  (4) The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon consumers and businesses, giving them the right, and means, to stop unwanted fax advertisements.

  28. **2006 FCC Report and Order.** The TCPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the TCPA, including the TCPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

  A. The definition of, and the requirements for, an established business relationship (EBR) for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

  B. The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act, and provides that the failure to comply with these requirements

precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16); and

        C.      The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act, and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34).

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements cannot claim the exemption from liability contained in § (b)(C)(1) of the Act.

29.    **The Fax**. Defendant sent the September 28, 2021 Fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class. The Fax constituted an advertisement under the Act and the regulations implementing the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the Fax. The Fax was transmitted to persons or entities without their prior express invitation or permission and Defendant is precluded from sustaining the EBR safe harbor with Plaintiff and other members of the class, because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class. Plaintiff seeks to certify a class which includes the Fax and all others sent during the four years prior to the filing of this case through the present.

30. **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class other faxes that constitute advertisements under the TCPA and its implementing regulations that were transmitted to persons or entities without their prior express invitation or permission and without complying with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the TCPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant may be continuing to send unsolicited advertisements via facsimile transmission in violation of the TCPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

31. The TCPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

32. The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if their actions were only negligent.

35. Defendant knew or should have known that (a) Plaintiff and the other class members had not given prior express invitation or permission for Defendant or anybody else to fax advertisements about the availability or quality of Defendant's property, goods or services; (b) Defendant transmitted or caused to be transmitted the Fax advertisements; (c) the Faxes did

not contain the required Opt-Out Notice; and (d) Defendant's transmission of unsolicited advertisements that did not contain the required opt-out notice was unlawful.

33. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused Plaintiff and the other recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes occupied Plaintiff's and the other class members' telephone lines and fax machines. Defendant's faxes cost Plaintiff and the other class members time, as Plaintiff and the other class members and their employees wasted their time receiving, reviewing and routing Defendant's unauthorized faxes. That time otherwise would have been spent on Plaintiff's and the other class members' business or personal activities. Defendant's faxes intruded into Plaintiff's and other class members' seclusion and violated their right to privacy, including their interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

WHEREFORE, Plaintiff, SANDUSKY WELLNESS CENTER, LLC, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, ADVANCED PHARMACY CONCEPTS, LLC a/k/a MANIFEST PHARMACY, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble damages of $1,500.00 if the violations are deemed "willful or knowing";

C. That the Court enjoin Defendant from additional violations; and

D. That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

>Respectfully submitted,
>
>SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly-situated persons
>
>By: */s/ Ryan M. Kelly*
>Ryan M. Kelly
>ANDERSON + WANCA
>3701 Algonquin Road, Suite 500
>Rolling Meadows, IL  60008
>Telephone:  847-368-1500 / Fax:  847-368-1501
>rkelly@andersonwanca.com