# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly-situated persons,<br><br>        Plaintiff,<br><br>        v.<br><br>ADVANCED PHARMACY CONCEPTS, LLC, a Georgia limited liability company, a/k/a Manifest Pharmacy,<br><br>        Defendant. | Civil Action No.  3:22-cv-01384<br><br>**CLASS ACTION** |

## PLAINTIFF'S "PLACEHOLDER" MOTION FOR CLASS CERTIFICATION AND BRIEF IN SUPPORT

Plaintiff, SANDUSKY WELLNESS CENTER, LLC, files this "placeholder" motion for class certification in order to prevent against a "buy-off" attempt, a tactic class-action defendants sometimes use to attempt to prevent a case from proceeding to a decision on class certification by attempting to "moot" the named plaintiff's claims by tendering the plaintiff individual (but not classwide) relief.  Plaintiff submits its accompanying brief in support.

Respectfully submitted,

SANDUSKY WELLNESS CENTER, LLC, individually and as the representative of a class of similarly-situated persons

By: /s/ *Ryan M. Kelly*
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500 / Fax:  847-368-1501
rkelly@andersonwanca.com

**BRIEF IN SUPPORT OF PLAINTIFF'S
"PLACEHOLDER" MOTION FOR CLASS CERTIFICATION**

**STATEMENT OF ISSUES PRESENTED**

1.  Whether the Court should allow Plaintiff to keep a motion for class certification on file in order to protect against any attempt by Defendant(s) to "pick-off" its individual claims in order to "moot" the case before the Court can decide the issue of class certification.

**CONCISE STATEMENT OF REASONS TO ALLOW MOTION TO STAND**

In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), the Supreme Court held "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," and "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." The Sixth Circuit applied *Campbell-Ewald* in an unreported opinion in *Family Health Chiropractic, Inc. v. MD On-Line Sols., Inc.*, No. 15-3508, 2016 WL 384823, at *1 (6th Cir. Feb. 2, 2016).

In *Wilson v. Gordon*, 822 F.3d 934, 949-50 (6th Cir. 2016), the Sixth Circuit held that, even where "[t]he parties [did] not dispute that all eleven named plaintiffs' individual claims became moot before the district court certified the class," the "picking-off" exception applied and allowed the named plaintiffs with moot individual claims to pursue class certification, which would "relate back" to the filing of the complaint, applying *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980). The Sixth Circuit held this ruling was consistent with *Campbell-Ewald*, 136 S. Ct. at 672, which refused to put defendants "in the driver's seat" on class certification. *Id.* at 950.

The named plaintiffs in *Wilson* had filed a "contemporaneous" motion for class certification the same day as the complaint. *Id.* The Sixth Circuit recognized that "the district

court in *Roper* already had denied the motion for class certification when the defendant sought to pick off the named plaintiff," while the district court in *Wilson* ruled on class certification *after* the plaintiffs' claims became moot. *Id.* at 948. It held there was "no distinction" there because "[i]n both scenarios, the defendant is on notice that the named plaintiff wishes to proceed as a class, and the concern that the defendant therefore might strategically seek to avoid that possibility exists." *Id.*

Thus, in order to protect against any alternative pick-off attempt following *Campbell-Ewald*, Plaintiff seeks to maintain this "placeholder" motion for class certification, like the named plaintiffs in *Wilson*.

## **SUPPORTING AUTHORITY**

**Cases:**

*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)

*Wilson v. Gordon*, 822 F.3d 934 (6th Cir. 2016)

*Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005)

*Brunet v. City of Columbus,* 1 F.3d 390 (6th Cir. 1993)

**Argument**

I. **The Court should allow this motion to remain "pending" to protect the putative class against any attempt to escape class certification by buying off the named Plaintiff.**

In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), the Supreme Court held in a class action under the Telephone Consumer Protection Act of 1991 ("TCPA"), like this case, that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," and "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." The Supreme Court refused to "place the defendant in the driver's seat" on the issue of class certification by allowing it to pay a nominal sum to the named plaintiff "to avoid a potential adverse decision, one that could expose it to damages a thousand-fold larger than the bid [the plaintiff] declined to accept." *Id.* The Sixth Circuit applied *Campbell-Ewald* in an unreported opinion in *Family Health Chiropractic, Inc. v. MD On-Line Sols., Inc.*, No. 15-3508, 2016 WL 384823, at *1 (6th Cir. Feb. 2, 2016), affirming a denial of a motion to dismiss a putative TCPA class action based on mootness.

In the wake of *Campbell-Ewald*, defendants in some class actions began trying to find alternative ways to "pick off" the named plaintiff's claims other than an offer of judgment, such as seeking leave to deposit funds with the court. These attempts have thus far been unsuccessful. *See Brady v. Basic Research, LLC*, --- F.R.D. ---, 2016 WL 462916, at *1–2 (E.D.N.Y. Feb. 3, 2016) (denying motion to deposit funds to moot plaintiff's claim in consumer-fraud action as improper purpose under Rule 67 and violation of "fair opportunity" standard in *Campbell-Ewald*); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, 2016 WL 806703, at *1 (D. Minn. Mar. 1, 2016) (same in TCPA fax class action); *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) (same).

1

In *Wilson v. Gordon*, 822 F.3d 934, (6th Cir. 2016), the Sixth Circuit effectively ended the procedural gamesmanship over pick-off attempts, holding that even where "[t]he parties [did] not dispute that all eleven named plaintiffs' individual claims became moot before the district court certified the class," the "picking-off" exception applied and allowed the named plaintiffs with moot individual claims to pursue class certification, which would "relate back" to the filing of the complaint, under *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980). The Sixth Circuit held this ruling was consistent with *Campbell-Ewald*, 136 S. Ct. at 672, which refused to put defendants "in the driver's seat" on class certification. *Id.* at 950.

The named plaintiffs in *Wilson* had filed a "contemporaneous" motion for class certification the same day as the complaint. *Id.* The Sixth Circuit recognized that "the district court in *Roper* already had denied the motion for class certification when the defendant sought to pick off the named plaintiff," while the district court in *Wilson* ruled on class certification *after* the plaintiffs' claims became moot. *Id.* at 948. It held there was "no distinction" there because "[i]n both scenarios, the defendant is on notice that the named plaintiff wishes to proceed as a class, and the concern that the defendant therefore might strategically seek to avoid that possibility exists." *Id.*

Thus, out of an abundance of caution, Plaintiff seeks to maintain this "placeholder" motion to protect against any alternative pick-off attempt. As the Sixth Circuit explained in *Wilson*, that court held long before *Campbell-Ewald* that where there "was no motion for certification pending when the [defendant] made its settlement offer" and the plaintiffs accepted the offer, the plaintiffs could not pursue class certification, *Brunet v. City of Columbus*, 1 F.3d 390, 400 (6th Cir. 1993), but that "where a settlement offer is made to a named plaintiff while a motion for class certification is pending" and the plaintiff refuses the offer, the plaintiff retains

2

standing to pursue class certification, even if the plaintiff's individual claim is technically "moot," *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005). The Sixth Circuit reasoned that "[i]f a tender made to the individual plaintiff while the motion for certification is pending could prevent the courts from ever reaching the class action issues, that opportunity is at the mercy of a defendant, even in cases where a class action would be most clearly appropriate." *Id.* (quoting *Brunet*, 1 F.3d at 400). In sum, Plaintiff seeks to maintain this placeholder motion for the same back-up protection the plaintiff enjoyed in *Wilson*. Plaintiff asks the Court to "stay briefing pending completion of discovery."

## II. The elements for class certification are met.

### A. **Proposed Class Definition**.

Plaintiff proposes the following class definition:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business relationship, and/or (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

A class of persons "sent" faxes is defined by "objective" criteria and thus "ascertainable." *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 525 (6th Cir. 2015) (class of persons who "purchased" product was ascertainable). Defendant sent Plaintiff and others standardized form advertisements. Plaintiff anticipates the proposed class definition will change after discovery defines the precise contours of the class and the advertisements that were sent. Plaintiff requests leave to submit a brief and other evidence in support of this Motion after discovery about the class elements.

3

**B.      Numerosity.**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least 40. Individual joinder of absent class members is impracticable.

**C.      Commonality.**

Rule 23(a) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires "only one common question to certify a class." *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (explaining test is qualitative, not quantitative, and "there need be only a single issue common to all members of the class"); *Kinder v. Northwestern Bank*, 278 F.R.D. 176, 183 (W.D. Mich 2011). Here, commonality is met because the Defendant engaged in a general policy that is the focus of the litigation by faxing form advertisements to persons on a list generated by Defendant and/or a third party without prior express invitation or permission to send Defendant's advertisement by fax and without the proper opt-out notice required by federal statute and regulations. *See* 47 U.S.C. § 227(b)(1)(C); 47 C.F.R. 64.1200(a)(4)(iii).

**D.      Typicality.**

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendant's fax campaign. Thus, all class member claims' arise from the same transaction or occurrence.

4

### E. Adequacy of Representation.

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

### F. Predominance.

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

### G. Superiority.

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997).

### Conclusion

Plaintiff respectfully requests the Court allow this "placeholder" motion for class certification to remain pending to protect against any alternative pick-off attempt following the Supreme Court's decision in *Campbell-Ewald*. The proposed class meets the requirements of Rules 23(a), (b)(3) and (g). Plaintiff requests that, following discovery and further briefing, the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel. Plaintiff will file its memorandum of law in support of its Motion after Rule 23 discovery has been completed. The parties need to meet and confer and propose a

5

discovery schedule with this Court and Plaintiff respectfully requests a status conference with the Court as soon as practicable to set a discovery schedule on Plaintiff's Rule 23 Motion.

> Respectfully submitted,
>
> SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly-situated persons
>
> By: */s/ Ryan M. Kelly*
> Ryan M. Kelly
> ANDERSON + WANCA
> 3701 Algonquin Road, Suite 500
> Rolling Meadows, IL 60008
> Telephone: 847-368-1500 / Fax: 847-368-1501
> rkelly@andersonwanca.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and a copy will be served upon Defendant(s) along with the Summons and Complaint.

> */s/Ryan M. Kelly*
> Ryan M. Kelly